**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NICOLAS LOPEZ ORDONEZ,** **A# 221 030 967, BY AND THROUGH** **NEXT FRIEND KELLYN A.** **ECHAVARRIA,** | § § § § § | |
| **Petitioner,** | § § | **SA-26-CV-01299-JKP** |
| **v.** | § § § | |
| **FIELD OFFICE DIRECTOR, U.S.** **IMMIGRATION AND CUSTOMS** **ENFORCEMENT, ET AL.,** | § § § § § | |
| **Respondents.** | § § | |

**SHOW CAUSE ORDER**

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Kellyn A. Echavarria as "next friend" on behalf of Nicolas Lopez Ordonez. (ECF No. 1). Lopez Ordonez is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders Echavarria, for the reasons stated herein, to show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks Lopez Ordonez's release from detention, was filed on his behalf by Echavarria as "next friend." (ECF No. 1). Echavarria is the fiancee of Lopez Ordonez. (*Id.*). Next–friend standing is available only when the "real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Echavarria has not demonstrated standing to initiate this action on behalf of Lopez Ordonez. (ECF No. 1).

Echavarria appears to base her claim of standing as "next friend" on her relationship with Lopez Ordonez and his detention, which she contends limits his access to the federal courts. (*Id.*). Neither provides a legal basis for standing. *See Pressley ex rel. Gakou v. Warden of Pike Cnty.*

*Corr. Facility*, No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). Moreover, it cannot be said that Lopez Ordonez, by mere virtue of his detention, lacks access to this Court. He has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Echavarria could establish standing to bring this action as "next friend" on behalf of Lopez Ordonez, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Echavarria*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, Lopez Ordonez

2

may represent himself in this matter, but he may not be represented by Echavarria, a non–attorney; rather, Lopez Ordonez must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within twenty–one (21) days of the date of this Order**, Kellyn A. Echavarria must show cause why this case should not be dismissed.

**If Kellyn A. Echavarria fails to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* **FED. R. CIV. P. 41(b).**

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Nicholas Lopez Ordonez at the Karnes County Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Kellyn A. Echavarria by certified mail, return receipt requested, at the following address: 2326 W. Warren Blvd, Chicago, IL 60612.

It is so **ORDERED**.

SIGNED this 2nd day of March, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE